

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COASTAL VILLAGES POLLOCK, LLC, an Alaskan corporation doing business in Washington, | No. 14-35353 |
| Petitioner - Appellee, | D.C. No. 2:13-cv-01234-JCC |
| v. | MEMORANDUM[*] |
| AHOKAYA V. LANU NAUFAHU, an individual, | |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, Senior District Judge, Presiding

Submitted August 31, 2016[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and DAVIS,[***] Circuit Judges.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The Panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Andre M. Davis, Senior Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

Appellant Ahokava Lanu Naufahu[1] challenges the summary judgment in favor of Appellee Coastal Villages Pollock, LLC ("Coastal Villages") that Naufahu is not entitled to maintenance and cure, compensation available under general maritime law to a seaman who falls ill or becomes injured while in the service of a ship, *see Lipscomb v. Foss Maritime Co.*, 83 F.3d 1106, 1109 (9th Cir. 1996), from his former employer. For the reasons set forth below, we affirm. The parties are familiar with the factual background, so we do not recite it here.

Coastal Villages moved for summary judgment on the grounds that Naufahu was not entitled to maintenance and cure because his pulmonary conditions did not arise or manifest while he was working in service of the vessel and because, in any event, Naufahu's failure to disclose his medical conditions when specifically asked about them precluded him from seeking relief. The district court granted Coastal Villages's motion on the latter ground, known as the willful concealment defense. *Coastal Villages Pollock, LLC v. Naufahu*, Nos. C13-1234-JCC, C13-1235-JCC, 2014 WL 1053126, at *6–7 (W.D. Wash. Mar. 19, 2014).

We review de novo a district court's decision granting summary judgment. *Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 975 (9th Cir. 1999). In doing so, "[w]e

---

[1] Naufahu's first name was apparently misspelled in the caption of this case.

determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002).

Contrary to Naufahu's assertion, this case does not present a genuine issue of material fact. The relevant question on appeal is whether the district court correctly determined, as a matter of law, that Coastal Villages satisfied the materiality prong of the willful concealment defense based on the largely undisputed factual record. We hold that it did.

The Ninth Circuit has recognized that, "[w]here a seaman is asked to disclose pertinent information during a prehiring medical examination or interview and intentionally conceals or misrepresents material facts, he is not entitled to an award of maintenance and cure." *Burkert v. Weyerhaeuser S.S. Co.*, 350 F.2d 826, 829 n.4 (9th Cir. 1965). Contrary to Naufahu's argument, this Court has not determined that the willful concealment defense requires an employer to show that it absolutely would not have hired a seaman if the seaman had revealed his medical conditions when asked about them.

Here, Coastal Villages asked about specific health conditions relevant to the work that Naufahu would perform aboard the *Northern Hawk* on a preemployment

questionnaire that it used to make hiring decisions, and a Coastal Villages representative testified that the company would have conducted further inquiry and may not have hired Naufahu had the seaman disclosed his pulmonary conditions. Thus, the company satisfied the materiality requirement of the willful concealment defense.

As Naufahu concedes that Coastal Villages otherwise established the elements of this defense, the district court did not err in granting summary judgment in favor of Coastal Villages.

**AFFIRMED.**